UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DALE PINKHAM, SR., | ) |
|     Petitioner, | ) ) ) |
| v. | )   2:15-cr-00128-JDL-1 )   2:19-cv-00475-JDL |
| UNITED STATES OF AMERICA, | ) ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 351; Supplemental Motion, ECF No. 353.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute and possess with the intent to distribute heroin, conspiracy to possess stolen firearms, and attempted witness tampering. The Court sentenced Petitioner to 240 months in prison. (Superseding Indictment, ECF No. 123; Judgment, ECF No. 307.)

Petitioner contends that trial counsel provided ineffective assistance because counsel failed to advise him properly regarding the drug quantity calculation and failed to challenge the threat of violence enhancement at sentencing. The Government requests summary dismissal of the motion. (Response, ECF No. 358.)

Following a review of the record and after consideration of Petitioner's motions and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion and supplemental motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Between November 2012 and continuing through about November 21, 2014, Petitioner and two co-conspirators made multiple trips outside of Maine to obtain heroin for distribution in Maine. (Prosecution Version, ECF No. 249.) In addition, between December 2013 and November 24, 2014, Petitioner and other members of his family conspired to possess stolen firearms that had been shipped in interstate commerce. (*Id*.) Furthermore, on July 15, 2015, Petitioner, while detained in the Maine State Prison, attempted to send letters to a family member, in which letter he instructed the family member to threaten three potential witnesses in the case against Petitioner. (*Id*.)

On July 22, 2015, Petitioner was indicted on two counts, conspiracy to possess one or more stolen firearms and possession of multiple stolen firearms. (Indictment, ECF No. 3.) On October 8, 2015, through a superseding indictment, Petitioner was indicted on thirteen counts, including conspiracy to distribute and possess with the intent to distribute heroin, conspiracy to possess stolen firearms, and attempted witness tampering. (Superseding Indictment, ECF No. 124.)

In September 2016, Petitioner pled guilty to three counts, conspiracy to distribute and possess with the intent to distribute heroin (Count 1), conspiracy to possess stolen firearms (Count 4), and attempted witness tampering (Count 12), of the superseding indictment. (Change of Plea Hearing, ECF No. 251.) The guideline sentencing range was 324 to 405 months in prison. (Sentencing Transcript at 35, ECF No. 323; Second Revised Presentence Investigation Report (PSR) ¶ 120.) In October 2017, the Court sentenced Petitioner to a variant sentence of 240 months. (Sent. Tr. at 40-42; Judgment, ECF No.

307.) Petitioner appealed from the judgment. The First Circuit affirmed. *See United States v. Pinkham*, 896 F.3d 133 (1st Cir. 2018).

## DISCUSSION

### A.   Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"[P]*ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes

a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d

233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.    Analysis of Claims**

Petitioner contends that his counsel did not advise him that as a member of a criminal conspiracy, Petitioner's drug quantity for sentencing would be based on the quantity that was reasonably foreseeable to him within the scope of the conspiracy.

Petitioner also argues that counsel's performance was deficient because he did not object to the threat of violence enhancement at sentencing.

### 1. Drug Quantity

On Petitioner's appeal, the First Circuit explained the analysis that governs the determination of the drug quantity for an individual involved in a conspiracy:

> The essential inquiry is not limited to what the defendant knew but, rather, extends to what acts were reasonably foreseeable by him. In a drug-conspiracy case, this means that each co-conspirator is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy.

*United States v. Pinkham*, 896 F.3d 133, 136 (internal quotation marks and citations omitted). Petitioner contends his counsel did not advise him of the governing analysis and that had he known the extent to which the drugs of the conspiracy could be attributable to him, he would not have pled guilty. The record does not support Petitioner's assertions.

At sentencing, Petitioner acknowledged he read, understood, and discussed the PSR with counsel. (Sent. Tr. at 11-12.) The PSR set forth the method by which the drug quantity attributable to Petitioner was calculated and the amount of drugs (3.23 kilograms of heroin) for which Petitioner was to be held accountable. (PSR ¶¶ 11, 27.) When he represented to the Court that he reviewed the PSR and discussed it with his counsel, therefore, Petitioner implicitly, if not explicitly, acknowledged he discussed the drug quantity calculation with counsel.

Furthermore, Petitioner included in his sentencing memorandum his objections to the PSR, which objections included a challenge to the drug quantity. (Sent. Tr. at 5-6; Sentencing Memorandum at 1-2, ECF No. 294.) Petitioner acknowledged that the

sentencing memorandum included all Petitioner's objections to the PSR. (Sent. Tr. at 6.) When asked about his objections, however, Petitioner did not inform the Court that he was unaware of the process by which the quantity was determined. That is, Petitioner did not contend that he did not know that the drugs involved in the conspiracy would inform the drug quantity attributable to him.[1]

Even if Petitioner's contention that his counsel did not inform him of the drug quantity analysis had merit, Petitioner's claim would nevertheless fail as Petitioner cannot establish prejudice. Petitioner maintains that he would not have pled guilty if he had been informed of the drug quantity analysis. Petitioner's representations during the plea hearing, the fact that the drug quantity used was conservative given the facts of the case, and the strength of the Government's case demonstrate the lack of merit in Petitioner's contention.

During his plea hearing, Petitioner acknowledged (a) the maximum penalty included 30 years in prison (b) the Court could impose any lawful sentence, (c) the advisory guideline sentencing range would not be determined until a presentence report was prepared, and (d) the sentence could be less severe or more severe than the sentence called for by the guideline sentencing range. (Plea Transcript at 15, 28, 32-33, ECF No. 321.) The written plea agreement, signed by Petitioner, also sets forth the 30-year maximum prison term and the parties' understanding that the Court may impose any lawful sentence. (Plea Agreement at 2-3, ECF No. 250.) Petitioner, therefore, was aware, prior to

---

[1] To the extent Petitioner contends the Court erred in calculating the drug quantity based on the amount of drugs Petitioner could reasonably anticipate would be within the scope of the conspiracy (*see* Motion at 2), Petitioner's argument fails as the Court applied the governing standard.

sentencing, not only that his sentence could include a term of imprisonment of up to 30 years, but also that the sentence could be longer than the guideline range, which is determined in part by the drug quantity. In other words, Petitioner acknowledged that the drug quantity, however it was calculated, would not necessarily determine his sentence.

Furthermore, Petitioner has failed to identify any drugs included in the drug quantity calculation that were not drugs with which he was personally involved. The record lacks any evidence to suggest the drug quantity would have been different even if Petitioner was not deemed responsible for the drugs that he could reasonably have anticipated to be within the scope of the conspiracy. In fact, the drug quantity can fairly be characterized as conservative given the facts. According to the PSR, at the start of the conspiracy, Petitioner was personally involved in the out-of-state purchase of 10-20 grams of heroin every two months; the amount and frequency increased to 30 grams monthly; and for the year preceding his arrest (October 2013 to October 2014), Petitioner purchased between 200 to 400 grams of heroin each month. (PSR ¶ 18.) Finally, given the extent and quality of the Government's evidence as set forth in the PSR and as agreed to by Petitioner during the plea hearing, Petitioner's contention that he would have pled guilty lacks credibility.

The Supreme Court has cautioned that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S.Ct. 1958, 1967 (2017). Given Petitioner's representations during the plea hearing, the lack of evidence that the amount of drugs attributable to Petitioner was more than the amount with

which Petitioner was personally involved, and the strength of the Government's case, Petitioner's suggestion now that he would not have pled guilty had he known how the drug quantity is determined in a conspiracy is unconvincing and unsupported by the record.

### 2. Threat of Violence Enhancement

Petitioner's claim regarding counsel's decision to withdraw the objection to the threat of violence enhancement is similarly without merit. First, to the extent Petitioner contends counsel did not consult with or inform him of the decision, the record demonstrates otherwise. In the sentencing memorandum, which Petitioner acknowledged contained all Petitioner's objections to the PSR, counsel wrote the two-point enhancement for the threat of violence was appropriate. Petitioner confirmed at sentencing that the sentencing memorandum contained all his objections to the PSR. (Sent. Tr. at 5-6.) Petitioner, therefore, was aware of decision to forego an objection to the enhancement prior to sentencing.

In addition, counsel's decision was sound. Through letters to three individuals, Petitioner instructed the individuals to advise three witnesses that if they testified against him, some people getting out of jail "will find them," "they won't be safe no matter where they go," and if he gets more time, he would "bury" one of the witnesses. (PSR ¶ 20.) By any objective measure, the conduct constitutes threats of violence. Counsel is not required to raise futile arguments. *United States v. Hart*, 933 F.2d 80, 83 (1st Cir. 1991).

### CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court

deny Petitioner's motion and supplemental motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2020.