UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00128-JDL |
| | ) |
| DALE PINKHAM, SR., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On September 6, 2016, Dale Pinkham, Sr. pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846, 851 (West 2020); one count of conspiracy to possess one or more stolen firearms in violation of 18 U.S.C.A. §§ 371, 922(j) (West 2020); and one count of attempt to tamper with a witness under 18 U.S.C.A. § 1512(a)(2), (a)(3)(C) (West 2020).  On June 13, 2017, I sentenced Pinkham to a term of imprisonment of 240 months, to be followed by a term of supervised release of six years.  Pinkham now moves for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2020), based on the alleged health risks he faces in federal custody due to the COVID-19 pandemic (ECF No. 390).  For the reasons that follow, I deny the motion.

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239-41 (codified at 18 U.S.C.A. § 3582(c)-(d) (West 2020)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Once a court determines that this exhaustion requirement is satisfied,[1] the court may reduce the defendant's sentence if, after considering the sentencing factors set forth in 18 U.S.C.A. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).

Pinkham asserts that extraordinary and compelling reasons exist because he is likely to contract COVID-19 at FCI Fort Dix and because his medical conditions place him at a heightened risk of severe illness from the virus. However, I do not address these issues, because even if I were to agree with Pinkham that extraordinary and compelling reasons exist, his release is not supported by the § 3553(a) sentencing factors, for reasons I will explain.

Pinkham was convicted of one count of conspiracy to distribute and possess with intent to distribute heroin, one count of conspiracy to possess one or more stolen firearms, and one count of attempt to tamper with a witness. The conduct underlying these convictions was abhorrent. Pinkham organized and directed a drug trafficking conspiracy that involved his long-term romantic partner and three sons, lasted at least two years, and resulted in the distribution of over three kilograms of heroin in and around Lyman, Maine. Pinkham urged his customers to commit crimes to support their addictions, and even provided them with lists of items to steal. He specifically encouraged them to steal firearms, which resulted in a rash of burglaries

---

[1] The exhaustion requirement is satisfied here because Pinkham filed his motion in this Court more than thirty days after he submitted his request for relief to the warden at FCI Fort Dix.

in southern Maine in which firearms were stolen. In addition to Pinkham's interest in firearms, he was violent during the course of the conspiracy: he beat a drug customer who stole from him; fired a gun at his son's girlfriend inside their home; and beat his romantic partner, on one occasion stabbing her with a fillet knife and cutting off part of her thumb. Pinkham's criminal conduct did not cease when he was arrested: He directed his son to send threatening letters to several potential witnesses. Overall, as I stated at Pinkham's sentencing, the conspiracy that Pinkham led "seriously undermined the rule of law" in the Lyman area and "threatened the way of life for people living in that community." ECF No. 323 at 38-39.

When I imposed Pinkham's original sentence, I particularly focused on the need for the sentence to reflect what I described as the "depth and depravity" of Pinkham's crimes, ECF No. 323 at 40, to provide specific deterrence, and to protect the public from further crimes. To date, Pinkham has served just over 43 months, or about 18%, of that sentence. Granting him release at this point would not adequately reflect the very real and severe harm that he caused. Although not determinative, I also note that releasing Pinkham would create an unwarranted sentencing disparity between himself and his co-defendants,[2] *see* 18 U.S.C.A. § 3553(a)(6); because Pinkham has served such a short proportion of his sentence, granting release would undermine that sentencing purpose as well.

Most importantly, however, releasing Pinkham would pose an undue threat to public safety. When I sentenced Pinkham, I expressed skepticism that he fully

---

[2] For instance, I sentenced Pinkham's romantic partner—who was a less active and culpable participant in the conspiracy—to 64 months in prison, which is nearly two years longer than Pinkham would have served if granted release at this time.

understood the wrongfulness of his conduct, and he has served only a short period of that sentence; moreover, he had an extensive criminal history—including firearms offenses—before he launched the conspiracy for which he stands convicted. These factors lead me to conclude that he would pose an undue danger to the community if he were released now.

Additionally, because Pinkham's motion for compassionate release is not "factually complex and legally intricate" and because it does not involve any "undeveloped" facts, I decline to appoint counsel. *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993).

For the foregoing reasons, Pinkham's motion for compassionate release (ECF No. 390) and motion to appoint counsel (ECF No. 394) are **DENIED**.

**SO ORDERED.**

**Dated this 29th day of December, 2020**

                              /s/ JON D. LEVY
                       **CHIEF U.S. DISTRICT JUDGE**