UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DALE PINKHAM, SR., | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|         v. | ) 2:15-cr-00128-JDL-1 |
| | ) 2:19-cv-00475-JDL |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

### ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Dale Pinkham, Sr. moves under 28 U.S.C.A. § 2255 (West 2021) to vacate, set aside, or correct his sentence (ECF Nos. 351, 353). United States Magistrate Judge John C. Nivison filed his Recommended Decision on Pinkham's motions on December 18, 2020 (ECF No. 398), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2021) and Rule 8(b) of the Rules Governing Section 2255 Proceedings. On January 21, 2021, the Court received Pinkham's Objection dated December 30, 2020 (ECF No. 402).

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] On January 26, 2021, Pinkham filed a notice of appeal of my separate order denying his motion for compassionate release under 18 U.S.C.A. §3582(c) (West 2021). Because Pinkham's § 2255 motion implicates the legality of his conviction and, thus, his imprisonment, it is sufficiently related to the

In addition to the contentions specifically addressed by the Magistrate Judge, Pinkham alleges ineffective assistance based on his appellate counsel's decision to assert a different theory on the issue of drug quantity than the theory that Pinkham's trial counsel had pursued. Pinkham argues that this deprived him of his right to *de novo* review of the issue by the First Circuit. Pinkham has not met his burden to show, however, that that strategic decision was objectively unreasonable.

At Pinkham's sentencing, I rejected his trial counsel's arithmetic drug-quantity argument, which, as a factual finding, would have been subject to clear error review on appeal. *See United States v. Correy*, 570 F.3d 373, 381 (1st Cir. 2009). In light of that decision, Pinkham's appellate counsel could reasonably have determined that switching to a legal argument about the personal-consumption exclusion for drug quantity, even though that argument was unpreserved and would therefore be subject to a less favorable standard of review, would "maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *see United States v. Pinkham*, 896 F.3d 133, 137-38 (1st Cir. 2018). Moreover, although this strategy did not succeed, there is no indication that it caused Pinkham any prejudice; Pinkham neither suggests that the drug-quantity issue prevented his appellate counsel from pursuing other arguments nor identifies an issue that would have resulted in a different or better result.

---

compassionate release matter now under appeal to divest this Court of jurisdiction to grant Pinkham's § 2255 motion. *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015); *United States v. Velazquez*, No. CR-12-00877-004-PHX-NVW, 2020 WL 5846612, at *2 (D. Ariz. Oct. 1, 2020). However, in keeping with Federal Rule of Criminal Procedure 37(a)(2), I do retain the authority to deny Pinkham's motion on the merits. *See Velazquez*, 2020 WL 5846612, at *3.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF No. 398) is hereby **ACCEPTED**, and Pinkham's motions (ECF Nos. 351, 353) are **DISMISSED**. It is further **ORDERED** that no certificate of appealability should issue in the event that Pinkham files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C.A. § 2253(c)(2).

**SO ORDERED.**

**Dated this 19th day of February, 2021.**

　　　　　　　　　　　　　　　　　　　/s/ JON D. LEVY
　　　　　　　　　　　　　　　　　　**CHIEF U.S. DISTRICT JUDGE**