UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:15-cr-00128-JDL |
| | ) | |
| DALE PINKHAM, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION TO AMEND**

On November 19, 2020, Dale Pinkham, Sr. filed a motion for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021), based on the alleged risks he faces in federal custody due to the COVID-19 pandemic (ECF No. 390). He also moved for the appointment of counsel to assist him in seeking compassionate release (ECF No. 394). On December 29, 2020, I issued an order denying both of Pinkham's motions (ECF No. 399).

The following week, the Court received two additional filings from Pinkham. In the first, which was received on January 6, 2021 but dated December 24, 2020— i.e., before my order denying Pinkham's motions was docketed—he renews his request that he be appointed counsel (ECF No. 400). In the second, which was received on January 8, 2021 and is captioned as a "Motion to Amend," Pinkham asserts that on December 31, 2020, he was informed that he has tested positive for COVID-19, and moves for reconsideration of his motion for compassionate release in

light of that diagnosis (ECF No. 401). I treat both of these filings as motions to reconsider my December 29 Order.[1]

When I denied Pinkham's motion for compassionate release, I did not address whether he had established "extraordinary and compelling reasons" to support release under § 3582(c)(1)(A)(i). Instead, I determined that even if Pinkham had established extraordinary and compelling reasons, compassionate release was not supported because of the seriousness of Pinkham's crimes, the short period of sentence served, and the danger he poses to the public. *See* 18 U.S.C.A. § 3553(a) (West 2021). Pinkham's motion to amend does not provide any basis to revisit that conclusion. Pinkham does note that before his federal imprisonment, he served over three years in Maine State Prison on state charges related to his federal conviction, and he contends that I should consider this time in determining how much of his federal sentence he has served. However, when I sentenced Pinkham, I specifically cited his state sentence as a basis for a downward variance of forty months. Therefore, Pinkham's prior state sentence does not provide a reason to reconsider my order.

Additionally, in denying Pinkham's motion to appoint counsel, I noted that his compassionate release motion was not factually or legally complex and did not involve any unresolved facts. Pinkham's January 6 filing does not provide any new information or argument that would cast doubt on that conclusion.

---

[1] On January 26, 2021, Pinkham filed a notice of appeal of the order denying his motion for compassionate release, which divested this Court of jurisdiction to grant his motion for reconsideration. However, in keeping with Federal Rule of Criminal Procedure 37(a)(2), I do retain the authority to deny his motion for reconsideration on the merits. *See, e.g., United States v. Carpenter*, No. 2:14-cr-00309-TLN, 2020 WL 5269579, at *1 (E.D. Cal. Sept. 4, 2020).

For the foregoing reasons, Pinkham's Renewed Motion to Appoint Counsel (ECF No. 400) and Motion to Amend (ECF No. 401) are **DENIED**.

**SO ORDERED.**

**Dated this 19th day of February, 2021**

                                              /s/ JON D. LEVY
                                    **CHIEF U.S. DISTRICT JUDGE**