UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00128-JDL-1 |
| | ) |
| DALE PINKHAM, SR., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Dale Pinkham, Sr., pleaded guilty on September 6, 2016, to Conspiracy to Distribute and Possess with Intent to Distribute Heroin, 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846, 851 (West 2022); Conspiracy to Possess One or More Stolen Firearms, 18 U.S.C.A. §§ 371, 922(j) (West 2022); and Attempt to Tamper with a Witness, 18 U.S.C.A. § 1512(a)(2), (3)(C) (West 2022). He was sentenced on June 13, 2017, to a term of imprisonment of 240 months to be followed by a term of supervised release of six years.

Pinkham moved for compassionate release (ECF No. 390) on November 19, 2020, citing medical conditions (including chronic obstructive pulmonary disease) and the COVID-19 pandemic. I denied (ECF No. 399) that motion on December 29, 2020, explaining that, irrespective of whether Pinkham had demonstrated extraordinary and compelling reasons warranting a reduction in his sentence pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022), compassionate release was inappropriate in light of the factors set forth in 18 U.S.C.A. § 3553(a) (West 2022), *see* 18 U.S.C.A. § 3582(c)(1)(A) (requiring consideration of those factors). In particular, I noted that Pinkham's conduct had been abhorrent, he had served relatively little of his sentence,

1

and he posed a danger to the public. On February 19, 2021, I denied (ECF No. 415) Pinkham's motion for reconsideration (ECF No. 401) because it did not provide any basis to revisit my conclusion that a reduction in Pinkham's sentence was unjustified under the § 3553(a) factors. I also denied (ECF No. 421) his second motion for reconsideration (ECF No. 417) on April 8, 2021.

On August 8, 2022, Pinkham, proceeding pro se, filed a Renewed Motion for Compassionate Release (ECF No. 427) that I treat as a third motion for reconsideration. His motion is primarily predicated on what he characterizes as newly discovered and previously concealed evidence of COVID-19-related deaths at FCI Allenwood Medium. He does not provide any evidence that the deaths he describes were ever concealed from him. But even if they had been concealed, it would not bear on the reasons why I denied his original motion for compassionate release and his two previous motions for reconsideration: the seriousness of his crimes, the short period of time he has served, and the danger he poses to the public. Pinkham also lists various cases in which courts have granted compassionate release, but these cases involve distinguishable facts. *E.g.*, *United States v. Rios*, Criminal No. 3:94cr112, 2020 WL 7246440, at *2-4 (D. Conn. Dec. 8, 2020) (involving a defendant who had been imprisoned for 26 years, matured significantly, and expressed genuine remorse). Beyond Pinkham's citation to a statistic about the low recidivism rate among older persons, he does not provide any information that is relevant to my prior reasoning, and he has still served only a relatively small fraction of his sentence.

For the foregoing reasons, Pinkham's Renewed Motion for Compassionate Release (ECF No. 427) is **DENIED**.

**SO ORDERED.**

Dated: August 29, 2022

                                                          **/s/ JON D. LEVY**
                                       **CHIEF U.S. DISTRICT JUDGE**