UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:15-cr-00128-JDL-1 |
| | ) | |
| DALE PINKHAM, SR. et al., | ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

Dale Pinkham, Sr., pleaded guilty on September 6, 2016, to Conspiracy to Distribute and Possess with Intent to Distribute Heroin, 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846, 851 (West 2022); Conspiracy to Possess One or More Stolen Firearms, 18 U.S.C.A. §§ 371, 922(j) (West 2022); and Attempt to Tamper with a Witness, 18 U.S.C.A. § 1512(a)(2), (3)(C) (West 2022). He was sentenced on June 13, 2017, to a term of imprisonment of 240 months, followed by six years of supervised release. Pinkham is currently incarcerated at FCI Allenwood Medium in Pennsylvania.

Pinkham first moved for compassionate release on November 19, 2020 (ECF No. 390). I denied (ECF No. 399) the motion on December 29, 2020, and I denied (ECF Nos. 415, 421) both of his subsequent motions for reconsideration (ECF Nos. 401, 417). On August 8, 2022, Pinkham, proceeding pro se, filed a Renewed Motion for Compassionate Release (ECF No. 427), which I treated as a third motion for reconsideration and ordered that it be denied (ECF No. 428).

Pinkham, proceeding pro se, has now filed another Motion for Reconsideration of Compassionate Release (ECF No. 429), arguing that the Court should "[r]econsider in light of newly decided retroactive Supreme Court cases" and the First Step Act of

2018, Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5239–41 (codified at 18 U.S.C.A. § 3582(c)–(d) (West 2020)).[1] Reiterating claims made in his August 2022 motion regarding his underlying medical conditions and COVID-19 statistics at FCI Allenwood, he also alleges that there were 589 positive inmate cases at Allenwood as of August 12, 2022.[2] He additionally requests that the Court "order[] the respondents to hand-over its concealment of the . . . specifically described deaths from 2020 through 2022 . . . for an in camera ex parte review," although he does not provide any facts to support the allegation that evidence has been concealed. He conclusively states that he "is not a violent offender and is not a danger to the community," and argues that some courts have modified sentences based on "onerous lockdowns and restrictions . . . attempting to control the spread of the virus have made sentences harsher and more punitive than otherwise [would] have been the case." ECF No. 429 at 4.

The most recent Motion for Reconsideration fails to assert any specific facts that would establish that the alleged lockdowns or restrictions at Allenwood have impacted Pinkham's conditions of confinement. It also does not assert any new or other allegations that would support an order granting compassionate release.

Accordingly, Pinkham's Motion for Reconsideration of Compassionate Release (ECF No. 429) is **DENIED**.

---

[1] Pinkham cites to *Concepion v. United States*, __ U.S. __, 142 S.Ct. 2389 (2022) and *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022) in the title of his motion, but he does not refer to these cases or make any arguments as to why they are relevant to his motion.

[2] As of November 7, 2022, there were no positive inmate cases at FCI Allenwood Medium. Federal Bureau of Prisons, www.bop.gov/coronavirus/ (last visited Nov. 7, 2022).

**SO ORDERED.**

Dated: November 7, 2022

                                                          **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**